# NO. 12-24-00040-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIVIRUS CRAFT,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Tivirus Craft appeals his convictions for murder, tampering with physical evidence and arson. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by a three-count indictment with murder, tampering with physical evidence, and arson. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence presented at trial reflects that on October 4, 2019, an incinerated car was discovered in a sparsely-populated area of Trinity County, Texas. The following day, police received information that there potentially was a body in the car. As a result, an officer contacted the wrecker company that towed the vehicle and requested that it be checked for the presence of human remains. The tow company employee complied with this request and found a human skull among the vehicle's charred remnants. A police investigation ensued.

Trinity Police Chief Steve Jones interviewed Amanda Cochran after she reported that a man had been murdered and volunteered to provide information about it. The police interviewed other individuals as well, and, based on the information gathered, they placed Appellant under arrest, at which time they discovered a gun[1] and a yellow-and-black glove in his possession. A glove matching the one Appellant possessed was found about one hundred yards from the subject-vehicle. That glove later was tested for the presence of DNA, and it was determined that the DNA on the glove matched Appellant's.

On October 16, an anthropologist at the University of North Texas (UNT) who examined the deceased's remains, advised Texas Ranger Chris Cash that he found a projectile among the remains. Furthermore, examiners from UNT conducted an analysis of the DNA of the remains, compared that DNA to half- brothers of Wesley Dykes, and determined that the deceased was Wesley Dykes (Wesley)

Candy Dykes was married to Wesley. She testified that Rori Bell, who was Appellant's girlfriend, and Amanda Cochran, came to her house and told her that they believed Appellant killed Wesley because Appellant confessed this fact to Amanda, threatened the two women, and told them to provide him an alibi. In her interview, Candy gave a description of, an orange Toyota, which, based on Cash's investigation, matched the description of the vehicle in which Wesley's remains were found. Cochran testified that Bell was her best friend at the time the car was found. She further testified that she was talking to Appellant on what she believed was the day after the murder and Appellant told her that he killed the man in the orange car. Specifically, according to Cochran, Appellant told her he shot the victim twice in the back of the head, doused the car in gasoline, and set it on fire. When Cochran asked Appellant why he did it, Appellant responded that killing people is what he does. During his interview with police, Appellant maintained his innocence. He told the officers he did not shoot anyone.

Ultimately, the jury found Appellant "guilty" as charged on all counts. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for life for murder, imprisonment for twenty years for tampering with physical evidence, and imprisonment for two years for arson. The trial court sentenced Appellant accordingly, and this appeal followed.

---

[1] It later was determined that the gun in Appellant's possession did not fire the bullet subsequently found in the remains of the vehicle.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2]

Thereafter, Appellant filed a pro se brief in which he argued that the evidence is insufficient to support the trial court's judgment because there is no evidence of his motive to kill Wesley and no evidence of a murder weapon was admitted at trial. We reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted** and the appeal is **affirmed**.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP.

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00040-CR**

**TIVIRUS CRAFT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court
of Trinity County, Texas (Tr.Ct.No. 11084)

THIS CAUSE came to be heard on the appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*